NOT FOR PUBLICATION

FILED

JUN 13 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: BRYN FRANKLIN POOLE,<br><br>Debtor.<br><br>------------------------------<br><br>BARBARA DONAHUE,<br><br>Appellant,<br><br>v.<br><br>BRYN FRANKLIN POOLE,<br><br>Appellee. | No.    17-60067<br><br>BAP No. 16-1439<br><br>MEMORANDUM* |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Lafferty III, Taylor, and Kurtz, Bankruptcy Judges, Presiding

Submitted June 11, 2019**

Before:    CANBY, GRABER, and MURGUIA, Circuit Judges.

Barbara Donahue appeals pro se from the Bankruptcy Appellate Panel's

---

*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

("BAP") judgment affirming the bankruptcy court's judgment following a trial in Donahue's adversary proceeding. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo decisions of the BAP and apply the same standard of review that the BAP applied to the bankruptcy court's rulings. *Boyajian v. New Falls Corp. (In re Boyajian)*, 564 F.3d 1088, 1090 (9th Cir. 2009). We review de novo the bankruptcy court's conclusions of law and for clear error its findings of fact. *Decker v. Tramiel (In re JTS Corp.)*, 617 F.3d 1102, 1109 (9th Cir. 2010). We affirm.

The bankruptcy court did not err in concluding that Donahue failed to show by a preponderance of the evidence that Poole's debt to Donahue was nondischargeable under 11 U.S.C. § 523(a)(6) or (a)(9). *See Grogan v. Garner*, 498 U.S. 279, 286–91 (1991) (discussing standard of proof applicable to creditor's nondischargeability claim under § 523); *Banks v. Gill Distribution Ctrs., Inc. (In re Banks)*, 263 F.3d 862, 869 (9th Cir. 2001) (discussing willful injury requirement of § 523(a)(6); whether behavior was willful and malicious is a question of fact); *see also* Fed. R. Civ. P. 52(a)(6) (findings of fact "must not be set aside unless clearly erroneous, and the reviewing court must give due regard to the trial court's opportunity to judge the witnesses' credibility"); Fed. R. Bankr. P. 7052 (making Fed. R. Civ. P. 52 applicable to adversary proceedings).

The bankruptcy court did not err in concluding that Donahue failed to show

17-60067

by a preponderance of the evidence that Poole's discharge should be denied under 11 U.S.C. § 727(a)(2), (a)(3), (a)(4), (a)(5), or (a)(6). *See In re Retz*, 606 F.3d 1189, 1196–1205 (9th Cir. 2010) (discussing standard of proof applicable to party objecting to discharge and setting forth elements of claims under various subsections of § 727(a)); *see also id*. (whether a debtor made a false oath with fraudulent intent, harbors an intent to hinder, delay, or defraud a creditor, or satisfactorily explained a loss of assets are questions of fact reviewed for clear error, and "[a] court's factual determination is clearly erroneous if it is illogical, implausible, or without support in the record" (citations omitted)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal, including Donahue's contentions regarding the Servicemembers Civil Relief Act. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

17-60067